UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
UNITED STATES OF AMERICA,             :
                                      :
v.                                    :
                                      :   Case No. 23-CR-307 (LJL)
MICHAEL SHVARTSMAN,                   :
GERALD SHVARTSMAN, and                :
BRUCE GARELICK,                       :
                                      :
                                      :
                                      :
              Defendants.             :
------------------------------------- x


**MEMORANDUM OF LAW IN SUPPORT OF
MICHAEL SHVARTSMAN'S MOTIONS TO TRANSFER
VENUE OF MONEY LAUNDERING AND FORFEITURE COUNTS
AND FOR A BILL OF PARTICULARS**


TAI PARK PLLC
7 World Trade Center – 34th Floor
250 Greenwich Street
New York, NY 10007
Tel: (212) 301-7632
tai@taiparklaw.com

*Counsel for Defendant, Michael Shvartsman*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND ......................................................................................................2

ARGUMENT ................................................................................................................................3

    I.    THE COURT SHOULD TRANSFER COUNTS ELEVEN AND TWELVE, AS WELL AS THE FORFEITURE COUNT, TO THE SOUTHERN DISTRICT OF FLORIDA PURSUANT TO FED. R. CRIM. P. 21(B) ................................................................................................3

        A.  Legal Standard ...........................................................................................3

        B.  The Money Laundering and Forfeiture Counts Should be Transferred to the Southern District of Florida ......................................4

    II.   THE COURT SHOULD ORDER THE GOVERNMENT TO PROVIDE A BILL OF PARTICULARS IN CONNECTION WITH COUNT ELEVEN ...................................................................................................................7

        A.  Legal Standard ...........................................................................................7

        B.  A Bill of Particulars Must Identify Details of the Element of Concealment ..9

CONCLUSION .........................................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*Matter of Balsimo*,
   68 F.3d 185 (7th Cir. 1995) .................................................................................................... 4

*Platt v. Minnesota Mining & Mfg. Co.*,
   376 U.S. 240 (1964)..................................................................................................... 3, 4, 7

*Russell v. United States*,
   369 U.S. 749 (1962) ............................................................................................................. 8

*United States v. Alter,*
   81 F.R.D. 524 (S.D.N.Y. 1979) ........................................................................................... 4

*United States v. Aronoff,*
   463 F. Supp. 454 (S.D.N.Y. 1978).................................................................................... 5

*United States v. Barnes*,
   158 F.3d 662 (2d Cir. 1998)................................................................................................ 8

*United States v. Bortnovsky*,
   820 F.2d 572 (2d Cir. 1987)......................................................................................... 8, 10

*United States v. Cashin,*
   281 F.2d 669 (2d Cir. 1960)................................................................................................ 7

*United States* v. *D'Amico*,
   734 F. Supp. 2d 321 (S.D.N.Y. 2010)................................................................................ 8

*United States v. Fiorentino*,
   No. CR 13-0338 SJF, 2014 WL 108415 (E.D.N.Y. Jan. 6, 2014)......................................... 6, 7

*United States v. Hsia*,
   24 F. Supp. 2d 14 (D.D.C. 1998) ....................................................................................... 10

*United States v. King,*
   No. 94 Cr. (LMM), 1995 WL 146252 (S.D.N.Y. April 4, 1995) .............................................. 8

*United States v. Maher*,
   108 F.3d 1513 (2d Cir. 1997)............................................................................................... 9

*United States v. Maldonado--Rivera*,
   922 F.2d 934 (2d Cir. 1990).................................................................................................. 3

*United States v. Martino,*
   No. 00 Cr. 389 (RCC), 2000 WL 1843233 (S.D.N.Y. Dec. 14, 2000).................................. 5, 6

*United States v. Nacchio*,
   No. 05 CR 00545 EWN, 2006 WL 2475282 (D. Colo. Aug. 25, 2006)................................... 8

*United States v. Ohran*,
   No. 99 CR, 142 (JSM), 2000 WL 620217 (S.D.N.Y. May 12, 2000) .................................... 6, 7

*United States v. Pikus*,
   39 F.4th 39 (2d Cir. 2022) ....................................................................................................... 9

*United States v. Rajaratnam*,
   No. 09 CR. 1184 (RJH), 2010 WL 2788168 (S.D.N.Y. July 13, 2010) ................................... 8

*United States v. Russell*,
   582 F. Supp. 660 (S.D.N.Y. 1984)....................................................................................... 5, 6

*United States v. Spy Factory, Inc.*,
   951 F. Supp. 450 (S.D.N.Y. 1997)........................................................................................... 6

*United States v. Templin*,
   251 F. Supp. 2d 1223 (S.D.N.Y. 2003).................................................................................... 3

*United States v. Torres*,
   910 F.2d 205 (2d Cir. 1990)..................................................................................................... 8

*United States v. Valdes*,
   No. 05-CR-156 (KMK), 2006 WL 738403 (S.D.N.Y. Mar. 21, 2006) .................................... 5

*Will v. United States*,
   389 U.S. 90 (1967)................................................................................................................... 8

United States Constitution

U.S. Const. amend. VI ..................................................................................................................... 7

Statutes

18 U.S.C. Section 1956................................................................................................................ 1, 2, 9

18 U.S.C. Section 1957................................................................................................................ 1, 2

Rules

Fed R. Crim. P. 21(b)................................................................................................................. 1, 3, 4

Fed. R. Crim. P. 7 .................................................................................................................... 7, 8

Other Authorities

2 Fed. Prac. & Proc. Crim. § 345 (4th ed.) .................................................................................... 3

**PRELIMINARY STATEMENT**

Defendant Michael Shvartsman respectfully submits this memorandum of law in support of his motion to transfer money laundering and forfeiture charges to the Southern District of Florida and for a bill of particulars identifying the alleged acts of concealment.

Just over two months before a long-scheduled trial on insider trading charges, the government filed money laundering charges that could well double the length of the trial. Yet every transaction at issue in these charges occurred outside New York, in Miami. And literally every document and witness relevant to the subject transactions will be located in Miami. Were it not for Section 1956(i), which permits venue where the specified unlawful activity has venue, the defense would move for a mandatory change of venue to Miami. But, in any event, Fed. R. Crim. P. 21(b) affords this Court discretion to transfer the money laundering counts to the Southern District of Florida, and it should exercise such discretion. Each of the factors relevant under Rule 21(b) militates in favor of transfer. Such transfer would not only ensure that the substantive money laundering charges be venued in the district where they belong but also afford the defense adequate time to prepare while complying with the Court's previously scheduled trial of the underlying insider trading charges.

Moreover, wherever the money laundering charges are tried, the Court should order the government to provide a bill of particulars as to what acts it alleges constitute concealment. The charges describe at most Mr. Shvartsman's <u>use</u> of trading proceeds to pay merchants and/or to buy, profit from and enjoy, a yacht. Nothing points to concealment, as Count Eleven and 18 U.S.C. Section 1956 require.[1] The government should identify that conduct so that the defense may adequately prepare for trial as to this element of a Section 1956 violation.

---

[1] Count Eleven is premised on Section 1956, while Count Twelve is premised on 18 U.S.C. Section 1957. Section 1957 does not have a concealment element.

1

**FACTUAL BACKGROUND**

On June 26, 2023, the government returned the initial Indictment charging insider trading. (Dkt. 1). After months of discovery and just two months before the scheduled trial, the government filed a Superseding Indictment that added counts Eleven and Twelve. (Dkt. 81).[2] It also added more detailed allegations in a forfeiture count.

Count Eleven consists of a charge for money laundering pursuant to 18 U.S.C. Section 1956(a)(1)(B)(i), alleging that Mr. Shvartsman attempted to conceal funds derived from his alleged insider trading activities by placing those funds in a purported "washing account." (Sup. Ind. ¶ 26). Count Twelve consists of a charge for engaging in a monetary transaction in property derived from specified unlawful activity pursuant to 18 U.S.C. Sections 1957, alleging that Mr. Shvartsman engaged in monetary transactions derived from his alleged insider trading (Sup. Ind. ¶ 28). The newly added forfeiture allegations now seek forfeiture of funds in a specified bank account owned by EFT Business Services, LLC, a yacht and three Yamaha Jet Skis. (Sup. Ind. ¶ 29 a-c).

According to the government, then, the alleged money laundering consists of two separate series of transactions. The first is the use of some part of the DWAC trading proceeds for an affiliated company, EFT, to pay the debts owed to merchants. And the second was the use of another portion of the trading proceeds to purchase a yacht.

None of the allegations relating to those transactions occurred in the Southern District of New York. Virtually all of them occurred in the Southern District of Florida. *See* Declaration of Tai H. Park, dated February 29, 2024 ("Park ML Dec."), paragraphs 3-9.

---

[2] The Superseding Indictment is referred to as "Sup. Ind. ¶ ___."

2

# ARGUMENT

## I. THE COURT SHOULD TRANSFER COUNTS ELEVEN AND TWELVE, AS WELL AS THE FORFEITURE COUNT, TO THE SOUTHERN DISTRICT OF FLORIDA PURSUANT TO FED. R. CRIM. P. 21(B).

### A. Legal Standard

Fed. R. Crim. P. Rule 21(b) provides: "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." In deciding whether to transfer, the Court "should consider and balance the non-exclusive list of factors set out in *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240 (1964)." *United States v. Templin*, 251 F. Supp. 2d 1223, 1224 (S.D.N.Y. 2003). The *Platt* factors include:

> (1) the location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be at issue; (4) the location of relevant documents; (5) the potential for disruption of the defendant's business if transfer is denied; (6) expenses to be incurred by the parties if transfer is denied; (7) the location of counsel; (8) the relative accessibility of the place of trial; (9) docket conditions in each district; and (10) any other special circumstances that might bear on the desirability of transfer.

*Templin*, 251 F. Supp. 2d at 1224 (citing *Platt*, 376 U.S. at 243-44). "No one of these factors is dispositive, and a balance should be struck in determining which are of the greatest importance in the case before the court." *Templin*, 251 F. Supp. 2d at 1224 (citing *United States v. Maldonado-- Rivera*, 922 F.2d 934, 966 (2d Cir. 1990)).

In addition:

> The beneficent purposes of Rule 21(b) will be thwarted, also, if it is supposed that there is a general rule that a criminal prosecution should be retained in the original district. There should be no general rule whatever on the subject, although it is proper to require the defendant, as the moving party, to carry the burden of showing why a transfer would serve the purposes specified in the rule. Instead of applying a supposed general rule, the court should examine all the circumstances of the particular case and determine what place of trial will best serve convenience and the interest of justice in that case.

Wright & Miller, *Transfer in the Interest of Justice—Standard for Transfer*, 2 Fed. Prac. & Proc.

3

Crim. § 345 (4th ed.) (internal footnotes and quotations omitted). As Judge Posner explained: "nothing in Rule 21(b) or in the cases interpreting it place on the defendant seeking a change of venue the burden of establishing 'truly compelling circumstances' for such a change. It is enough if, all relevant things considered, the case would be better off transferred to another district." *Matter of Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995) (citations omitted).

### B. The Money Laundering and Forfeiture Counts Should be Transferred to the Southern District of Florida.

We begin with Rule 21(b) instructions to consider a transfer of venue if it be in the interests of justice. That factor strongly supports a transfer. The defense remains extremely concerned that it does not have enough time to prepare adequately for the last-minute superseding charges with very serious counts that are likely to substantially lengthen the trial of this case. The case has been transformed from one involving factual issues surrounding trading decisions in October 2021 to one that now includes two disconnected financial transactions occurring years later. The two-week extension granted by the Court at the last conference is far less than the two months sought in light of the new charges. A transfer would resolve this problem that was not of the Court's or the defense's making. If and only if the government succeeds in obtaining a conviction on the insider trading charges, Mr. Shvartsman and the government (not the other defendants) would then have to contend with the money laundering charges. Under these extreme circumstances, it is clearly in the interest of justice that these belated charges be tried later in a more appropriate venue and only if required.

This is especially true where each of the relevant *Platt* factors likewise supports a transfer of venue to the Southern District of Florida.

*First,* the Southern District of Florida is undoubtedly the "nerve center" of the money laundering charges. *United States v. Alter,* 81 F.R.D. 524, 526 (S.D.N.Y. 1979) (Weinfeld, J.) (granting transfer when "most, if not all, of the acts and conduct in furtherance of the alleged

4

scheme to defraud occurred in Miami," which "was the 'nerve center' of the alleged illicit operations"); *accord, e.g., United States v. Martino,* No. 00 Cr. 389 (RCC), 2000 WL 1843233, at *7 (S.D.N.Y. Dec. 14, 2000) (similar). *See also, United States v. Valdes*, No. 05-CR-156 (KMK), 2006 WL 738403, at *6 (S.D.N.Y. Mar. 21, 2006) (recognizing that "[m]ost, if not all, of the alleged acts and conduct of the Section 1960 Defendants in furtherance of the alleged unlawful money transmitting occurred in the Southern District of Florida" and granting motion to transfer despite government arguments that "Florida accounts were also used to conduct money transfers to and from 'many places outside of Florida'" and that the "criminal activity alleged to have occurred was national in scope").

*Second*, and as a consequence of the above, none of the likely witnesses for the money laundering charges are based in New York; they are instead all in or around Miami, Florida. (Park ML Dec. ¶ 80). *See, e.g., United States v. Russell,* 582 F. Supp. 660, 662–63 (S.D.N.Y. 1984) (granting transfer when a "majority of [the government's] witnesses will come from abroad" and "a large number of" defense witnesses would come from another district). Notably, the government's money laundering investigation was initially launched in the Southern District of Florida, not in the Southern District of New York, and the primary government witness appears to be a Miami DHS agent who later continued that investigation with the Southern District of New York. (Park ML Dec. ¶ 9).

By comparison, many of the Defendant's witnesses who will come in to explain the various relevant transactions pertaining to the EFT account or to the yacht purchase will be employees of Mr. Shvartsman's affiliated businesses and are located in Miami. Their traveling for extended periods of time would create unnecessary business disruption. (Park ML Dec. ¶ 6). *See United States v. Aronoff,* 463 F. Supp. 454, 458–59 (S.D.N.Y. 1978) (transferring charges when the defendant, his witnesses, his alleged illegal activities, and his business were all located in the

5

transferee district, even though it required two separate trials). The expense associated with transporting and housing witnesses in the Southern District of New York also favors a transfer. *Russell*, 582 F. Supp. at 663 (considering "total outlay of funds" required to transport and provide accommodations to witnesses and others as part of transfer analysis); *compare United States v. Ohran*, No. 99 CR, 142 (JSM), 2000 WL 620217, at *4 (S.D.N.Y. May 12, 2000) ("[w]hile a trial in Florida might cause greater expense to the Government than it would to Mr. [Shvartsman], the Government is clearly in a better position to bear that expense.")

*Third,* given that Mr. Shvartsman and his business interests are all based in Miami, Florida, the relevant documentary evidence is also primarily located within the Southern District of Florida (Park ML Dec. ¶ 8). And, even if the government has seized some of the relevant documents and transferred them to the Southern District of New York, that would "not properly lie in favor of the [g]overnment's opposition to the change of venue." *United States v. Spy Factory, Inc.,* 951 F. Supp. 450, 458 (S.D.N.Y. 1997) (Sotomayor, J.).[3]

*Fourth,* Mr. Shvartsman and his young family all reside in Miami, Florida, and "courts should, wherever possible, try defendants where they reside" as "a matter of policy." *United States v. Fiorentino*, No. CR 13-0338 SJF, 2014 WL 108415, at *4 (E.D.N.Y. Jan. 6, 2014); *accord Russell,* 582 F. Supp. at 662 ("Unquestionably, it can be a hardship for defendants to stand trial far away from home."). In fact, this consideration has been given "greater weight" than "any other factor." *United States v. Martino*, No. 00 CR 389 (RCC), 2000 WL 1843233, at *6 (S.D.N.Y. Dec. 14, 2000).

---

[3] Docket conditions would be a neutral factor in this case as both the Southern District of New York and the Southern District of Florida are equally equipped to handle a trial of the counts in question. *United States v. Fiorentino*, No. CR 13-0338 SJF, 2014 WL 108415, at *7 (E.D.N.Y. Jan. 6, 2014) (disregarding the docket analysis as neutral when both courts had the means to try the case). Docket conditions also "cannot outweigh the other factors that persuasively demonstrate that the 'interest of justice' requires the transfer of this case." *Ohran*, 2000 WL 620217, at *4.

Here, Mr. Shvartsman will already have had to spend weeks away from his wife and small children while he is in New York in connection with the insider trading charges. That period will be unnecessarily prolonged by additional days or weeks to sit through the money laundering charges. *Fiorentino,* 2014 WL 108415, at *4; *accord, e.g., United States v. Cashin,* 281 F.2d 669, 675 (2d Cir. 1960) (courts should, "whenever possible," try charges "at the residence of the defendant").

*Finally*, as to the "special circumstances" factor, the government's belated filing of these charges has prejudiced Mr. Shvartsman's right to timely notice and opportunity to defend. This factor is discussed *supra* at 4, and further supports transfer of venue.

As the Court observed in *United States v. Ohran*, No. 99 CR, 142 (JSM), 2000 WL 620217, at *3 (S.D.N.Y. May 12, 2000): "In the present case, the defendant's residence in Florida, the fact that all his allegedly criminal acts took place there, and the location of his business there-*Platt* factors 1, 3, and 5-strongly support the requested transfer, and none of the other factors strongly support retaining the case in this district."

Counts Eleven and Twelve of the Superseding Indictment, as well as the forfeiture count, which is conditioned on the money laundering counts, should accordingly be transferred to the Southern District of Florida.

## II. THE COURT SHOULD ORDER THE GOVERNMENT TO PROVIDE A BILL OF PARTICULARS IN CONNECTION WITH COUNT ELEVEN

### A. Legal Standard

The United States Constitution requires that a defendant be provided with notice of the accusations he must answer. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ."). Moreover, Rule 7 of the Federal Rules of Criminal Procedure requires that an Indictment provide a "plain, concise and definite written statement of the essential facts constituting the offense charged." Moreover, the

Sixth Amendment and "basic principles of fundamental fairness" require that the indictment apprise the defendant of the charges he must meet. *Russell v. United States*, 369 U.S. 749, 765 (1962).

To ensure that the defendant's rights to notice and defense guaranteed by the Fifth and Sixth Amendments are protected, a bill of particulars may be necessary. District courts have broad discretion to order the government to provide a bill of particulars. *See Will v. United States*, 389 U.S. 90, 98-99 (1967); *United States v. D'Amico*, 734 F. Supp. 2d 321, 335 (S.D.N.Y. 2010). A motion for a bill of particulars should be granted where additional details of the charge are "necessary to the preparation of [the] defense, and to avoid prejudicial surprise at the trial." *United States v. Torres*, 910 F.2d 205, 234 (2d Cir. 1990) (quotation omitted); *see also United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) ("Rule 7(f) . . . permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."). The government must disclose information that is necessary for the defendant to prepare a defense against the government's charges, even if disclosure reveals the government's evidence or theories of the case. *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998); *See also United States v. King,* No. 94 Cr. 455 (LMM), 1995 WL 146252, at *1 (S.D.N.Y. April 4, 1995) ("a defendant being presumed to be innocent, it must be assumed that he is ignorant of the facts on which the pleader founds his charges").

Moreover, in resisting a bill of particulars, the "government may not 'rely solely on the quantity of information disclosed'; 'sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars.'" *United States v. Rajaratnam*, No. 09 CR. 1184 (RJH), 2010 WL 2788168, at *2 (S.D.N.Y. July 13, 2010) (collecting cases); *see also United States v. Nacchio*, No. 05 CR 00545 EWN, 2006 WL 2475282, at *7 (D. Colo. Aug. 25, 2006) ("It

8

is not sufficient simply to refer defense counsel to discovery. As the court noted in the March 24, 2006 hearing "[a]nyone who is familiar with the boxcar approach to discovery in civil cases knows that dumping vast quantities of documents and information on one's opposing party does not always elucidate what is going on, so that the [d]efendant can adequately prepare for trial.").

### B. A Bill of Particulars Must Identify Details of the Element of Concealment

In order to prove its money laundering claim pursuant to 18 U.S.C. § 1956, the concealment element is key:

> With respect to the defendant's state of mind, the "concealment" prong of the money laundering statute requires the Government to prove both that the defendant knew that he was conducting financial transactions "designed ... to conceal or disguise the nature, the location, the source, the ownership, or the control" of the funds in which he was dealing and that the defendant knew that "he [wa]s dealing with the proceeds of 'some' crime even if he d[id] not know precisely which crime." *United States v. Maher*, 108 F.3d 1513, 1525–26 (2d Cir. 1997).

*United States v. Pikus*, 39 F.4th 39, 44 (2d Cir. 2022). The allegations of money laundering in the Superseding Indictment provide insufficient notice of the acts that the government intends to prove to satisfy the concealment element. These particulars are essential for Mr. Shvartsman to adequately prepare a defense and avoid unfair surprise at trial. While "concealment" is alleged generally by parroting the language of the statute (Sup. Ind. ¶ 26 ("knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity")), the actual acts are not alleged.

Instead, the Superseding Indictment claims that Mr. Shvartsman sent part of the DWAC proceeds to an operating bank account that the government self-servingly dubbed "the Washing Account," which received a high volume of activity and thus "provided an effective method" of concealment. (Sup. Ind. ¶15). And as to the yacht, ¶16 of the Superseding Indictment cryptically alleges that "Michael Shvartsman took measures, including the use of corporate forms, multiple

9

bank transfers, and legal agreements, to conceal the source of the funds used to purchase the yacht, as well as the ownership and control of the yacht once acquired." As the government well knows from the documents they obtained from Mr. Shvartsman and his affiliated companies' counsel, as well as presentations made to them, every one of these transactions had a business purpose that was meticulously documented. (Park ML Dec. ¶ 10). There was no ability to hide anything about the source of the funds or Mr. Shvartsman's connection to them.

Thus, these generalized and cryptic allegations are insufficient for Mr. Shvartsman to get ready to defend himself. He must be told what the government intends to tell the jury were the acts of deliberate concealment. If they merely intend to rely on the facts alleged in the indictment, and no more, they should say so. If, on the other hand, they intend to prove other acts that they contend constitute concealment, the Court should order the government to provide notice. *See United States v. Hsia*, 24 F. Supp. 2d 14, 33 (D.D.C. 1998) (granting a Motion for Bill of Particulars because, "the indictment does not provide Ms. Hsia with sufficient information about the specific acts of concealment [in connection with non-money laundering charges] alleged for her to adequately prepare her defense and avoid surprise at trial."). *Cf. Bortnovsky,* 820 F.2d at 574-75 (concluding that defendant was hindered in preparing its case where the district court failed to require the government to reveal crucial information regarding fake burglaries and the identity of fraudulent documents, which in turn forced defendants to explain in unrelated burglaries and confront numerous documents unrelated to the charges pending).

## CONCLUSION

For all the foregoing reasons, the Court should transfer venue of the money laundering and forfeiture claims to the Southern District of Florida and compel the government to provide a bill of particulars.

Dated: February 29, 2024

Respectfully submitted,

By: /s/ TAI H. PARK
    Tai H. Park

TAI PARK PLLC
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel: (212) 301-7632
tai@taiparklaw.com

*Counsel for Michael Shvartsman*