UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

v.

MICHAEL SHVARTSMAN,
GERALD SHVARTSMAN, and
BRUCE GARELICK,

          Defendants.

Case No. 23-CR-307 (LJL)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF TAI H. PARK IN SUPPORT OF DEFENDANT MICHAEL SHVARTSMAN'S MOTIONS TO TRANSFER VENUE OF MONEY LAUNDERING AND FORFEITURE COUNTS AND FOR A BILL OF PARTICULARS**

I, Tai H. Park, declare pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am the managing member of the law firm of Tai Park, PLLC, and a member in good standing of the bar of the State of New York and this Court. I submit this Declaration in support of Defendant Michael Shvartsman's Motions to Transfer Venue of Money Laundering and Forfeiture Counts and for a Bill of Particulars. The statements herein are based on my review of documents and discussions with legal counsel referenced herein and are true to the best of my knowledge.

    2.    On June 26, 2023, the government returned the initial indictment charging insider trading. (Dkt. 1). After months of discovery and just two months before the scheduled trial, the government filed a superseding indictment that added counts Eleven and Twelve. (Dkt. 81). It also added more detailed allegations in a forfeiture count.

    3.    As I discuss below, none of the transactions referenced in these newly added allegations occurred in the Southern District of New York and virtually all of them occurred in the Southern District of Florida.

4. For example, the purported "washing account" referenced in paragraph 15 of the superseding indictment is an account held in the name of EFT Business Services, LLC, ("EFT") an entity whose principal place of business is in the Southern District of Florida.

5. The individuals who kept the books and records for that account and were part of the transactions in question, were all either employees of EFT or Transact First, Inc., ("TF"), another entity whose principal place of business is in the Southern District of Florida. These individuals are all located in the Southern District of Florida.

6. If these individuals were required to travel to New York for extended periods of time, it would create unnecessary business disruption for both EFT and TF.

7. The money used for the yacht purchase referenced in paragraph 16 of the superseding indictment was held in a bank account in the Southern District of Florida and, again, the individuals who kept the books and records for that account, as well as the individuals who were part of the transactions in question were all located in the Southern District of Florida.

8. Thus, the individuals who could testify about the transactions referenced in paragraphs 15 and 16 of the superseding indictment and the relevant documentary evidence related to those transactions are all located in the Southern District of Florida.

9. Also, as I discussed in my previous Declaration that was filed in support of Michael Shvartsman's Omnibus Pre-Trial Motions on December 22, 2023 (Dkt. 57), the government's money laundering investigation was initially launched in the Southern District of Florida, not in the Southern District of New York, and the primary government witness appears to be a Miami DHS agent who later continued that investigation with the Southern District of New York. *See* Dkt 57 at ¶¶ 5-16.

10. The transactions that form the bases for the money laundering counts were revealed to the government by documents produced by Mr. Shvartsman and his affiliated companies' counsel. The documents and presentations made to them demonstrate that every one of these transactions had a business purpose that was meticulously documented.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on:   February 29, 2024

_____
Tai H. Park