**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No. 23-CR-307 (LJL) |
| MICHAEL SHVARTSMAN, | : |
| GERALD SHVARTSMAN, and | : |
| BRUCE GARELICK, | : |
| | : |
| | : |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF MICHAEL SHVARTSMAN'S
MOTIONS TO TRANSFER VENUE OF MONEY LAUNDERING
AND FORFEITURE COUNTS AND FOR A BILL OF PARTICULARS**

TAI PARK PLLC
7 World Trade Center – 34th Floor
250 Greenwich Street
New York, NY 10007
Tel: (212) 301-7632
tai@taiparklaw.com

*Counsel for Defendant, Michael Shvartsman*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 1

    I.    TRANSFER OF VENUE SHOULD BE GRANTED ............................................. 1

    II.   THE GOVERNMENT SHOULD PROVIDE A BILL
          OF PARTICULARS ............................................................................................... 4

CONCLUSION ..................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*United States v. Alter*,
  81 F.R.D. 524 (S.D.N.Y. 1979) .................................................................................................. 3, 4

*United States v. Barnes*,
  158 F.3d 662 (2d Cir. 1998) ............................................................................................................ 5

*United States v. Burke*,
  607 F. Supp. 2d 1314 (M.D. Fla. 2009) ......................................................................................... 4

*United States v. Hsia*,
  24 F. Supp. 2d 14 (DDC 1998) ...................................................................................................... 4

*United States v. Nagi*,
  15CR148A, 2016 WL 11264717 (W.D.N.Y. June 27, 2016) ........................................................ 5

*United States v. Ohran*,
  No. 99 CR, 142 (JSM), 2000 WL 620217 (S.D.N.Y. May 12, 2000) ........................................... 2

*United States v. Rajaratnam*,
  No. 09 CR. 1184 (RJH), 2010 WL 2788168 (SDNY July 13, 2010) ............................................ 5

*United States v. Spy Factory, Inc.*,
  951 F. Supp. 450 (S.D.N.Y. 1997) ................................................................................................. 3

Statutes

18 U.S.C. § 1956 ................................................................................................................................ 6

**PRELIMINARY STATEMENT**

Defendant Michael Shvartsman respectfully submits this Reply Memorandum of Law in further support of his motion to transfer money laundering and forfeiture charges to the Southern District of Florida and for a bill of particulars identifying the alleged acts of concealment.

**ARGUMENT**

**I. TRANSFER OF VENUE SHOULD BE GRANTED.**

All of the government's arguments in opposition to Mr. Shvartsman's venue transfer motion are unavailing.

The government's opposition is premised on the baseless and unconstitutional assumption that two trials would be <u>inevitable</u> if the Court were to transfer the money laundering and forfeiture counts to the Southern District of Florida. Thus, they argue, the courts, government personnel, and the witnesses will all be over-burdened by having to endure two trials. *See* Govt. Br. 6, 7, 15-16 (claiming burden on judicial system, government personnel who would have to travel to Miami and witnesses to testify "multiple times.").[1] That of course is wrong and turns the presumption of innocence on its head. There will only be a second trial if the government succeeds in convicting Mr. Shvartsman of insider trading. If it does not, the money laundering and forfeiture counts will have to be dismissed in Miami, and there will be no second trial. If, on the other hand, those counts are not transferred and remain in this trial scheduled for April 29, 2024, all the burdens identified in Defendant's opening brief will be unavoidable. The government will seek to present all its evidence as to both insider trading and money laundering to a single jury, and the defense will have to mount a defense as to all such charges as well. The length of the trial will correspondingly

---

[1] Mr. Shvartsman's memorandum of law in support of this motion is referred to hereinafter as "Def. Br." and the government's memorandum in opposition is referred to as "Govt. Br." All other terms defined in the Defendant's Brief will be used herein.

1

increase, and two co-defendants as well as their defense teams, who have no money laundering charges against them, will have to sit through an extended trial for a dispute having nothing to do with them.

Thus, a transfer of venue will not only reduce the hardships and burdens imposed on Miami witnesses discussed in Defendant's Brief, but, in the event of acquittal on insider trading charges, the transfer will even eliminate burdens on the prosecutors and New York-based agents or employees because they will never have to mount a case for money laundering or forfeiture.[2]

Because Mr. Shvartsman is presumed innocent of insider trading, any Rule 21(b) analysis must apply that presumption in weighing the relative burdens and hardships. The question then is which poses a greater potential burden: a single trial in New York where every witness for all charges, regardless of the "nerve center" of the conduct, must appear for an extended period, or a single trial on just insider trading charges, followed by a second, money laundering trial in Miami that would only occur if the government satisfies its heavy burden of overcoming the presumption of innocence beyond a reasonable doubt as to insider trading. Viewed thus, the government's opposition falls of its own weight.[3]

Even were the Court to indulge the government's cynical assumption that Mr. Shvartsman will be found guilty of insider trading, its opposition is defective in other important respects. First, they largely fail to address the cases cited by Mr. Shvartsman and rely instead on cases stating general legal propositions. Thus, for example, the government declines to grapple with *United*

---

[2] The burdens imposed unnecessarily by a single trial of all charges might be also avoided if the Court bifurcates the money laundering and forfeiture counts from the trial of the specified unlawful activity, *i.e.,* the insider trading allegations. If the Court denies the transfer motion, the defense reserves the right to seek bifurcation as an alternative avenue for potentially avoiding the burdens identified.

[3] And, of course, Rule 21(b) contemplates exactly the "burden" the government identifies where two trials may be necessary, as it expressly permits transfer of "one or more counts." Any transfer that does not include all the charges would always implicate the concerns raised by the government. Yet the Rule permits transfer under that exact scenario.

2

*States v. Ohran*, No. 99 CR, 142 (JSM), 2000 WL 620217, at *4 (S.D.N.Y. May 12, 2000), a case that the defense cited for its analysis of the specific factors that weigh in favor of a transfer. (*See* Def. Br. 7). And when the government cites cases for more pointed propositions, they are easily distinguishable. For example, in *United States v. Spy Factory, Inc.*, 951 F. Supp. 450 (S.D.N.Y. 1997), cited in the Govt. Br. at 5, 7, 8, 9, 11, the Court emphasized the defendants' delay in filing their motion for transfer (*id*. at 461-463) – a factor inapplicable here – as well as the fact the government agreed to pay a substantial portion of defendants' expenses (*id*. at 463) – also inapplicable here.

Moreover, while the government also argues that "[a]s a general rule a criminal prosecution should be retained in the original district where the case was charged" (Govt. Br. 4), that general principle does not apply where, as here, the superseding indictment was filed less than three months before trial, asserting brand new charges that will extend the trial by many days if not weeks. And none of the cases by the government resembles this unique circumstance. *Cf. United States v. Alter*, 81 F.R.D. 524, 525 (S.D.N.Y. 1979) ("The basic question under the Rule is whether sufficient cause has been shown to satisfy the Court that the proposed transfer is "in the interest of justice," a determination which rests upon the unique facts of each case and is addressed to the Court's discretion.").

The claim by the government that the defense provided only conclusory assertions about the location of the witnesses or their information (*see* Govt. Br. 9) is belied by the Park ML Declaration, which provides details regarding the witnesses and their location in South Florida. (*See* ML Park Declaration ¶¶ 4-9). The Rule 21(b) analysis should not be affected by the extent to which the defense is willing to reveal a specific witness or exhibit list, when the government with the burden of proof has not even put on its case. It is obvious from the location of Mr. Shvartsman's office and businesses that witnesses, who will have information relevant to the

3

alleged money laundering, will likely all be located in South Florida. Under these circumstances, Rule 21(b) requires nothing more than the specifics provided in the ML Park Declaration.

Relatedly, in the face of clear evidence that Miami will undoubtedly be the "nerve center" of the money laundering charges, the government conclusorily asserts that "[t]he focus of the money laundering counts is on a national and international scheme to conceal the proceeds of criminal activity. These actions involved the Southern District of New York." (Govt. Br. 11). How and why? No details or specificity of any consequence is provided. The government's bald assertions in opposition are insufficient to overcome the "nerve center" factor and the defense motion should be granted. (Def. Br. 4-5). *See United States v. Burke*, 607 F. Supp. 2d 1314, 1321 (M.D. Fla. 2009) (granting a motion to transfer when the record revealed that the "lopsided majority of the events pertinent to [the] prosecution" occurred in another district, even though some "alleged events of violence and other felonious acts," occurred within the transferring district); *United States v. Alter*, 81 F.R.D. 524, 526 (S.D.N.Y. 1979) (noting as part of "nerve center" analysis that "the central location of the allegedly criminal acts charged against defendants is Miami, not New York, and this fact weighs in favor of transfer.").

The government's opposition fails to overcome all the factors militating in favor of transfer.

**II.    THE GOVERNMENT SHOULD PROVIDE A BILL OF PARTICULARS.**

The defense had a simple and straightforward proposition for a bill of particulars as to the single element of concealment: "If [the government] merely intend[s] to rely on the facts alleged in the indictment and no more, they should say so. If, on the other hand, they intend to prove other acts that they contend constitute concealment, the Court should order the government to provide notice." (Def. Br. 10). In response, the government bobs and weaves. It ignores one of the key cases cited by the defense, *United States v. Hsia*, 24 F. Supp. 2d 14, 33 (DDC 1998) (cited at Def.

4

Br. 10), and instead falls back essentially on two arguments: first, they are not required to divulge their evidence and limit their flexibility at trial (Govt. Br. 17-18), and, second, they provided notice through discovery, including, specifically, the agent affidavits in support of forfeiture seizure of the EFT account and the Yacht. (Gov. Br. 17). Neither argument relieves the government of its obligations to provide the requested bill of particulars.

First, Mr. Shvartsman is not asking for details about the government's <u>evidence</u>; the question is what <u>acts</u> the government will claim constitute concealment. The alleged conduct must be identified so that the defense has adequate notice, to avoid surprise at trial, and to have sufficient information to adequately prepare a defense. The Second Circuit has held that this notice is required even if it might somehow lead to disclosure of evidence the government will rely on. *See United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) ("[I]t is of no consequence that the requested information would have required the disclosure of evidence or the theory of the prosecution. While a bill of particulars 'is not intended, as such, as a means of learning the government's evidence and theories,' if necessary to give the defendant enough information about the charge to prepare his defense, 'it will be required even if the effect is disclosure of evidence or of theories.'"); *see also United States v. Nagi*, 15CR148A, 2016 WL 11264717, at *8–9 (W.D.N.Y. June 27, 2016), *report and recommendation adopted,* 254 F. Supp. 3d 548 (W.D.N.Y. 2017) (quoting from *Barnes*, *supra*, and granting in part request for a bill of particulars).

Second, it is not enough to rely on discovery produced. The government again conflates expected evidence with alleged conduct. Thousands of different acts might be discerned from documents produced. The "government may not 'rely solely on the quantity of information disclosed'; 'sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars.'" *United States v. Rajaratnam*, No. 09 CR. 1184 (RJH), 2010 WL 2788168, at *2 (SDNY July 13, 2010) (collecting cases). No defendant can be expected to pick and choose

5

among the produced documents to predict what the government might contend at trial is the objectionable conduct.

It is true that the discovery in this case includes two detailed agent affidavits regarding the EFT account and the Yacht, and those affidavits purport to describe <u>acts</u> by Mr. Shvartsman that the agents' claims were efforts to conceal. Yet, here too, the government's opposition brief merely points to them without actually committing itself. The government does not state that it will in fact prove such acts in support of the concealment element or that those will be the only conduct allegations they will present to the jury at trial. The government would obviously face no burden whatsoever to simply declare in their bill of particulars that the acts alleged in the affidavits and the Superseding Indictment constitute the acts of concealment. The defendant will then have adequate notice and need not play a guessing game as to what precisely the government will tell the jury Mr. Shvartsman did to "conceal" the nature or source of DWAC trading proceedings.[4] The same is true for the alleged facts in the government brief (Govt. Br. 2-3) that do not appear in the Superseding Indictment and that may or may not be subsumed in the forfeiture seizure affidavits.

The government should be compelled to remove all the uncertainties about what it will tell the jury Mr. Shvartsman did to conceal his trading proceeds. A bill of particulars will provide clear notice, one that Mr. Shvartsman can rely on to prepare for trial, regarding the act(s) that constitute the element of concealment essential to an 18 U.S.C. § 1956 claim.

---

[4] It should be noted that among the assertions in the two affidavits are the purported expert opinions of the agents <u>interpreting</u> the alleged conduct as efforts to conceal. The deadline for providing expert notice has come and gone, and the government has not provided notice of any agent or other expert witness who is expected to testify to the money laundering charges. Thus, the bill of particulars would provide notice of the acts of concealment the government intends to prove, but in no way substitutes for the court-ordered notice of expert testimony.

6

## **CONCLUSION**

For all the foregoing reasons and those set forth in Defendant's opening brief, Mr. Shvartsman respectfully requests that the Court transfer venue of the money laundering and forfeiture claims to the Southern District of Florida and compel the government to provide the requested bill of particulars on the concealment element.

Dated: March 19, 2024

                                                        Respectfully submitted,

                                      By:  */s/ TAI H. PARK*
                                              Tai H. Park

                                              TAI PARK PLLC
                                              7 World Trade Center – 34th Floor
                                              250 Greenwich Street
                                              New York, NY 10007
                                              Tel: (212) 301-7632
                                              tai@taiparklaw.com

                                              *Counsel for Michael Shvartsman*