

7 World Trade Center, 34th Fl
250 Greenwich Street
New York, NY 10007

(212) 301-7632
tai@taiparklaw.com

March 24, 2024

**VIA ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

    Re: *United States v. Michael Shvartsman et al*, **23 Cr. 307 (LJL)**

Dear Judge Liman:

    We represent Defendant Michael Shvartsman in connection with the above-referenced matter, and we respectfully submit this letter to bring to the Court's attention two recent events that further support Mr. Shvartsman's motion for transfer of venue of the money laundering counts to the Southern District of Florida. (Dkt. 92).

    First, the government recently produced to the defense over 240,000 pages of bank records that pertain to the money laundering charges. We were only able to access those records earlier this week and learned that hundreds of pages are redacted for alleged privilege, and many have been withheld outright. We received privilege logs yesterday and, upon even a cursory review, it is clear that the withheld documents or redacted pages likely contain information critical to Mr. Shvartsman's ability to defend against the government's allegations of money laundering. (Discussed further below). The government has also stated that its production of documents in connection with money laundering and related conduct is <u>not</u> <u>complete</u>. It expects to produce additional bank records as well as tax records on a timetable that remains uncertain.

    Second, the government served on the defense late Friday night its 404(b) notice, listing 5 separate instances of alleged prior bad acts it intends to offer against Mr. Shvartsman at trial. All of them relate to the money laundering charges. Moreover, while we have asked the government whether documents relating to these allegations have been produced in the prior production by the government, it has not responded to the question. It is likely that the government will make new productions relating to the new allegations in the coming days and weeks.

Even if the Court were to preclude each of the alleged bad acts under Rules 404(b) and 403 of the Federal Rules of Evidence,[1] Mr. Shvartsman's ability to defend himself against the money laundering charges has been severely compromised by the untimely production of such an extraordinary volume of documents, which continue to roll in. The prejudice to the defense can be avoided by either granting the venue transfer motion or a continuance of the trial date.

While our review of the newly produced material is at its earliest stages, one form of prejudice is immediately obvious: the defense lacks time to challenge a third party's redaction or withholding of voluminous records on grounds of privilege. Among the 240,000 pages of newly produced documents, hundreds of redactions appear, and privilege logs produced just yesterday show that many documents were outright withheld. The third party withholding this information is SNB Bank. Count Eleven of the Superseding Indictment, which charges a Section 1956 money laundering violation, is premised in part on the transfer of some DWAC trading proceeds into an account at SNB Bank. (*See* Dkt. 81, S. Ind. at 10). The government's 404(b) notice served on the defense Friday night alleges that the government intends to show that Mr. Shvartsman defrauded SNB Bank by failing to inform the bank that the account would involve transactions with cannabis merchants. They claim this constitutes evidence of his "intent to engage in deceptive financial transactions, which is relevant to his intent, knowledge and absence of mistake or accident in engaging in the [charged] money laundering conduct."

To defend against this claim of ignorance, Mr. Shvartsman must obtain all internal bank records reflecting the bank's actual awareness and its decision, nevertheless, to continue to service the account. The withheld documents are likely to support this defense. The privilege log reflects repeated and extensive communications by and among the bank's outside counsel and bank personnel regarding Mr. Shvartsman's business. The communications begin a few months after Mr. Shvartsman's company applies for the account. Significantly, the communications then resume after the bank received a grand jury subpoena from the government in April of 2023. Before, during, and after these communications, the bank continued to service the account. It is only closed after the government sent the bank a forfeiture seizure letter in late October of 2023.

To support his defense, Mr. Shvartsman must have time to litigate the bank's privilege assertions by, for example, demonstrating that the privilege is being improperly asserted to deceive the government about the bank's level of awareness. The defense may also seek judicial *in camera* inspection to determine if the privilege is properly asserted. There are other obvious defects in the logs, including entries in May of 2022 that provide no details about the author or recipient. It simply states: "Attorney-Client privileged communication regarding Transact First." Such overbroad and unspecified privilege assertions are improper and cannot stand.

In the ordinary case, the parties would have weeks if not months to sort through the myriad issues posed by privilege assertions. There is no such time here. Mr. Shvartsman and his defense team work flat out to prepare for the fast-approaching trial of the complex insider trading charges, scheduled to start just weeks from now. He has insufficient time to work through these challenges or properly litigate the privilege issues.

---

[1] The defense expects to file motions *in limine* as to all the alleged bad acts on or before their due date on April 5, 2024.

It is bad enough that the government chose to wait until the first week in February to lodge the money laundering charges in a superseding indictment. The government has compounded the prejudice by inexplicably failing to turn over all bank records relating to such charges immediately. It sent the bank a forfeiture seizure letter in October of 2023. Yet it only now produces hundreds of thousands of pages of records and tells the defense more will be coming. As the defense continues to review the voluminous new production, it is virtually certain that new issues and concerns will arise that cannot be anticipated and catalogued in this letter.

This is an intolerable situation. Forcing Mr. Shvartsman to defend himself against the money laundering charges under these conditions will deprive him of his right to a fair trial. We respectfully submit that this recent delay of production (with a promise of more documents to come) further supports Mr. Shvartsman's motion for transfer of venue as to such charges.

Respectfully submitted,

Tai H. Park

cc:     All counsel of record via ECF