UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

MICHAEL SHVARTSMAN,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S1 23 Cr. 307 (LJL)

WHEREAS, on or about February 6, 2024, MICHAEL SHVARTSMAN (the "Defendant"), among others, was charged in a twelve-count Superseding Indictment, S1 23 Cr. 307 (LJL) (the "Indictment"), with, *inter alia*, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5; and Title 18, United States Code, Section 2 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Count Three, seeking forfeiture to the United States, pursuant to pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Indictment;

WHEREAS, on or about April 2, 2024, the Defendant pled guilty to Count Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Three of the Indictment and agreed to forfeit to the United States, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Three of the

Indictment, including but not limited to (i) a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Indictment and (ii) all of his right, title and interest in the following property which constitutes proceeds of the offense charged in Count Three of the Indictment that the Defendant personally obtained:

    a.   any and all funds in account number 10511067, held in the name of EFT Business Services LLC at SNB Bank, N.A.;

    b.   the vessel "Provocateur," f/k/a "Ipanema," bearing IMO Number 9802798 (the "Provocateur"); and

    c.   three Yamaha Jet Skis tendered to the Provocateur

(a. through c., collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $18,200,000.00 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained, with the exception of the Specific Property, cannot be located upon the exercise of due diligence; and

WHEREAS, in lieu of forfeiting the Specific Property, the Government agrees to accept a payment in the amount of $18,200,000 in United States currency;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States

Attorneys Daniel G. Nessim, Elizabeth A. Hanft, and Matthew R. Shahabian, of counsel, and the Defendant and his counsel, Tai Park, Esq., Grant Smith, Esq., and Alan Futerfas, Esq., that:

1. As a result of the offense charged in Count Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $18,200,000.00 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. On or before the sentencing of the Defendant in this matter, the Defendant shall make a payment on the Money Judgment to the Government in the amount of $18,200,000 (the "Payment").

3. Upon receipt of the Payment, the Government shall deem the Money Judgment fully satisfied and the Government shall not seek to forfeit the Specific Property.

4. In the event the Defendant fails to make the Payment, the Money Judgment will remain outstanding and the Government is authorized to obtain an order from this Court to forfeiting all of the Defendant's right, title and interest in the Specific Property.

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant MICHAEL SHVARTSMAN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

6. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

7.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

8.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

9.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

10.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

11.     The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          4/3/24
        DANIEL G. NESSIM                           DATE
        ELIZABETH A. HANFT
        MATTHEW R. SHAHABIAN
        Assistant United States Attorneys
        26 Federal Plaza, 38th Floor
        New York, NY 10278
        (212) 637-2486


MICHAEL SHVARTSMAN

By: _____          04/02/24
        MICHAEL SHVARTSMAN                       DATE

By: _____          April 2, 2024
        ALAN FUTERFAS, ESQ.                      DATE
        TAI PARK, ESQ.
        GRANT SMITH, ESQ.
        Attorneys for Defendant


SO ORDERED: _____          4/3/2024
        HONORABLE LEWIS J. LIMAN                      DATE
        UNITED STATES DISTRICT JUDGE