

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

October 9, 2024

**BY ECF**

Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:   *United States v. Michael Shvartsman*, S1 23 Cr. 307 (LJL)

Dear Judge Liman:

    The Government agrees with counsel for defendant Michael Shvartsman that it would be appropriate and prudent to conduct a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), concerning potential conflicts of interest that could arise from the joint representation by Shvartsman's attorney, Dennis Vacco, and his firm, Lippes Mathias LLP, of both Shvartsman and Trump Media & Technology Group ("TMTG"). Shvartsman has pleaded guilty to insider trading, which he committed by misappropriating material non-public information from the Special Purpose Acquisition Company, DWAC, relating to DWAC's plan and intent to merge with TMTG. DWAC has since merged with TMTG, and TMTG is a victim of Shvartsman's insider trading and may be entitled to restitution. Because there is a potential conflict, the Government believes a *Curcio* hearing is appropriate so that Shvartsman may knowingly waive any conflict that could arise.

    A.    <u>Applicable Law</u>

    A defendant has a right under the Sixth Amendment to conflict-free legal representation. *United States v. Levy*, 25 F.3d 146, 152 (2d Cir. 1994). District courts have two separate obligations where there is a possible conflict of interest. First, when a court is aware of the possibility of an attorney's conflict of interest, it has a threshold obligation to "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." *Id.* at 153; *see also United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998). As the Second Circuit has explained:

> The trial court has an obligation to inquire into the facts and circumstances of an attorney's interests either in response to a timely conflict of interest objection or when it knows or reasonably should know of the possibility of a conflict of interest. Failure to engage in such an inquiry, when it is required, results in an automatic

> reversal. An inquiry allows the trial judge to determine the precise nature of the conflict and how to proceed, *i.e.*, whether to disqualify counsel, obtain a waiver from the defendant pursuant to *Curcio*, or take no action.

*United States v. Stantini*, 85 F.3d 9, 13 (2d Cir. 1996) (citations and internal quotation marks omitted).

An actual conflict exists "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client." *United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004) (citations and internal quotation marks omitted). To show divergent interests, "[s]peculation is not enough." *Triana v. United States*, 205 F.3d 36, 42 (2d Cir. 2000), nor is a "mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002). A potential conflict of interest, by contrast, occurs when "the interests of the defendant may place the attorney under inconsistent duties at some time in the future." *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003) (quoting *Kliti*, 156 F.3d at 153 n.3) (internal quotation marks omitted).

Once the court has determined that an actual or potential conflict exists, the court has a "'disqualification/waiver' obligation" to determine whether the conflict is so severe as to obligate the Court to disqualify the attorney or a lesser conflict that can be waived in a *Curcio* hearing. *Kliti*, 156 F.3d at 153; *Levy*, 25 F.3d at 153. Because the Sixth Amendment guarantees not only the right to an attorney of undivided loyalty but also, with certain exceptions, to an attorney of one's own choosing, where those rights conflict the determination of which right is to take precedence must generally be left to the defendant, who may make a knowing and intelligent waiver of his right to a conflict-free lawyer if he desires to continue the representation. *United States v. Cain*, 671 F.3d 271, 293 (2d Cir. 2012) (citing *Curcio*, 694 F.2d at 24-25). Nonetheless, because the Court has "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them," *Wheat v. United States*, 486 U.S. 153, 160 (1988), "there exists a narrow class of so-called per se conflicts that are not susceptible to waiver." *Cain*, 671 F.3d at 293.

If a court determines that there exists a conflict that does not require disqualification, it "must conduct a *Curcio* hearing to determine whether the defendant will knowingly and intelligently waive his right to conflict-free representation." *Kliti*, 156 F.3d at 153; *see also Levy*, 25 F.3d at 153. The Second Circuit has set forth the requirements for such a *Curcio* hearing as follows:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*Perez*, 325 F.3d at 119.

      B.    <u>Discussion</u>

Shvartsman is represented by Vacco, whose firm and who himself has also represented TMTG. The joint representation of a criminal defendant a victim such as TMTG warrants a *Curcio* hearing and additional inquiry. *See, e.g.*, *United States v. Zarrab*, No. 15 Cr. 867 (RMB), 2017 WL 946334 (S.D.N.Y. Feb. 15, 2017); 2017 WL 175466 ( S.D.N.Y. April 5, 2017); 2017 WL 2984184 (S.D.N.Y. June 1, 2017). Although the Court should ensure that Shvartsman understands the potential conflict posed by this joint representation, such a conflict is waivable. *See Zarrab*, 2017 WL 946334, at *3-*5 (noting that pretrial joint representation of defendant and financial institution victims was waivable). Shvartsman's ability to waive any potential conflict is heightened here where (a) Shvartsman has already pleaded guilty and all that remains is sentencing and (b) in addition to Vacco, Shvartsman is represented by independent counsel in Alan Futerfas. In order to waive the conflict, Shvartsman must be advised of defenses or actions he may need to forfeit, seek independent legal advice, and make a knowing and intelligent waiver. *See Perez*, 325 F.3d at 127.

Accordingly, the Government respectfully requests that the Court conduct a *Curcio* hearing to determine whether Shvartsman knowingly and intelligently waives his right to conflict-free representation. The Government respectfully submits proposed *Curcio* questions below. The Government submits that this hearing can be conducted immediately preceding the sentencing scheduled for October 17, 2024.

                                      Respectfully submitted,

                                      DAMIAN WILLIAMS
                                      United States Attorney

by: /s/ _____
     Daniel G. Nessim
     Matthew R. Shahabian
     Assistant United States Attorneys
     (212) 637-2486 / -1046

cc: Defense Counsel (by ECF)

**Proposed *Curcio* Examination**
***United States v. Shvartsman*,** S1 23 Cr. 307 (LJL)

I. Competency Questions

- *The parties respectfully request that the Court conduct an inquiry at the outset of the* Curcio *proceeding to establish the defendant's competency.*

II. Circumstances of Representation

- Are you satisfied with the services of your attorneys thus far in the case?

- Do you understand that your attorneys are employed by several different law firms, and that they have different obligations to the other clients of those law firms.

- Has your attorney Dennis Vacco of the firm Lippes Mathias LLP informed you that his law firm currently represents Trump Media & Technology Group ("TMTG"), which is a victim of the insider trading offense of which you have pleaded guilty?

- Has Mr. Vacco informed you that he may have an ethical obligation to TMTG because either he has represented TMTG or TMTG is a client of Mr. Vacco's law firm?

- Do you understand that the fact that Mr. Vacco represents you and simultaneously represents TMTG may lead him to have loyalties divided between yourself and TMTG?

- Do you understand that, in some cases, Mr. Vacco may have an incentive to put the interests of TMTG before yours?

- Let me give you an example of the way in which the allegiance of your lawyers from Lippes Mathias could adversely affect their representation of you in this case. This representation could affect the way that your lawyers advise you to proceed through sentencing and contest possible restitution claims put forward by TMTG.

III. Right to Conflict-Free Representation

- Do you understand that in every criminal case, including this one, the defendant is entitled to be represented by an attorney whose loyalty to him is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his client's interests?

- Is your choice to be represented by your Mr. Vacco a choice you have made freely

   and voluntarily, without any promises, threats, or inducements being made or offered to you?

IV. <u>Defendant's Understanding of the Conflict</u>

- Do you understand that you have the right to object to continued representation by Mr. Vacco based on the existence of a pretrial conflict of interest?

- It is important that you understand that no one, including the Court, can predict with any certainty the course that this case will take and that no one, including the Court, can foresee all the ways in which you may be disadvantaged by proceeding with Mr. Vacco. Do you understand that?

- To make sure you have understood what we have been discussing, please describe in your own words your understanding of the conflict or conflicts of interest that may arise in this case.

- Do you understand that you have a right to consult with a lawyer other than your Mr. Vacco to determine whether you want them to continue representing you, and that the Court will give you an opportunity to do so?  [or: I understand that you have consulted with a lawyer other than Mr. Vacco to determine whether you want them to continue representing you, and that the Court will give you an opportunity to do so?]

- Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about this conflict-of-interest issue and/or to represent you?  [if needed]

- Do you understand that the Court encourages you to consult with another lawyer about this conflict-of-interest issue?  [if needed]

- Is there anything that you wish to have explained further?

- The Court will give you an opportunity to think about what you have been told, whether or not you would like to speak with separate counsel about it. After you have thought it over, the Court will ask whether you have considered the matters that the Court has talked to you about. Then the Court will ask whether you wish to continue being represented by Mr. Vacco and Lippes Mathias.

- Would you like court-appointed counsel for the purpose of consulting with you about these conflict-of-interest issues?  [if needed]

- Would you prefer to adjourn today's proceeding until you can give more thought to this matter?

V. <u>Continuation of the *Curcio* Hearing</u>

- After considering all that the Court has said about the ways in which having third parties and, in particular, your co-defendant and an entity owned by your co-defendant, paying your legal fees may adversely affect your defense, do you believe that it is in your best interest to continue being represented by your Current Counsel?

- Is that your wish?

- Is there anything that the Court has said that you wish to have explained further?

- Do you understand that by choosing to continue being represented by your Current Counsel, you are waiving your right to be represented by an attorney who has no conflict of interest?

- Are you knowingly and voluntarily waiving your right to conflict-free representation?

- Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of having a third party pay your legal fees you were denied effective assistance of counsel?